UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CARLOS PATTERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHATHAM COUNTY )<br>DETENTION CENTER, *et al.*, )<br>)<br>Defendants. ) | CV422-248 |

## REPORT AND RECOMMENDATION

Plaintiff Carlos Patterson, who is currently detained at the Chatham County Detention Center, has submitted a 42 U.S.C. § 1983 Complaint alleging unconstitutional conditions of confinement. *See generally* doc. 1. The Court previously granted him leave to pursue this case *in forma pauperis* (IFP). Doc. 3. He returned the Prisoner Trust Account Statement. Doc. 4. Since, as discussed below, the financial information provided shows that his allegation of poverty was untrue, his Complaint should be **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(A). Patterson has also failed to return the Consent to Collection of Fees from Trust Account form. *See* doc. 3 at 4-5. His failure to comply with the Court's Order provides an independently sufficient basis for dismissal.

Patterson's application to proceed IFP disclosed a balance of $45.00 in his prisoner trust account. *See* doc. 2 at 2. It also disclosed *total* deposits for the six months prior to filing the Complaint of $208.00. *Id.* Pursuant to the Court's Order granting IFP, Patterson returned a form, completed by a prison official, disclosing his average monthly deposits and balance. *See* doc. 4. That form reflects average deposits of $116.83 *per month*, and an average monthly balance of $513.77 during the six months prior to his filing the Complaint.[1] *Id.* at 1. Patterson also stated that he had not received any money from any source for the twelve months preceding the Complaint. *See* doc. 2 at 1-2. That representation is also contradicted by the prison officer's report of substantial deposits during the previous six months. *See* doc. 4 at 1.

The Prison Litigation Reform Act provides that the Court must dismiss a claim at any time if it determines that the allegation of poverty

---

[1] The Court notes that the Prisoner Trust Fund Account Statement requests "supporting ledger sheets," reflecting the deposits and spending supporting the amounts disclosed. *See* doc. 4 at 1. No supporting ledger sheets were attached to the form. *See generally id.* To the extent that Patterson refers to any accounting in objecting to this Report and Recommendation, he must provide a ledger or other equivalent accounting supporting his contentions **and** a written explanation for the apparent discrepancy between the deposits disclosed in his IFP application and in the Account Statement.

is untrue. 28 U.S.C. § 1915(e)(2)(A). It may also dismiss a case when it determines that a plaintiff has lied or sought to deceive the Court.[2] *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America*, LLC, 2013 WL 842515, at *1 (11th Cir. Mar. 6, 2013) (Denying plaintiff's IFP application on appeal "because her allegation of poverty appear[ed] to be untrue in light of her financial affidavit and filings in the district court."). Once a plaintiff is proceeding *in forma pauperis* and the Court determines that the allegation of poverty is untrue, dismissal is mandatory. *See, e.g., Pinkston v. Univ. of S. Fla. Bd. of Tr.*, 2016 WL 1238713, at *2 n. 4 (M.D. Fla. Feb. 25, 2016); *Flowers v. Life University*, 2006 WL 562192, at *1 (N.D. Ga. Mar. 7, 2006) (citing *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305 (7th Cir. 2002)).

---

[2] Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

The fact that Patterson's account information reflects an average monthly balance sufficient to pay the required filing fee shows that he does not qualify to proceed *in forma pauperis*. *See Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (litigant who "has no room and board expenses . . . and is able to spend his income on completely discretionary items" was properly denied leave to proceed *in forma pauperis*). Despite balances generally insufficient to pay the filing fee, as another court has observed, "[i]f every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of judicial time and effort." *Briand v. Florida*, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) ("The district judge was entitled to consider [plaintiff's] own economic choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary . . ."); *Lumbert v. Ill. Dept. of Corrs.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").

The Court's Order granting Patterson leave to proceed IFP also directed him to return *both* the trust fund account statement *and* the consent to collection of fees forms.  *See* doc. 3 at 4-5.  The deadline for him to return those forms has passed and he has not returned the consent form.  *See generally* docket.  This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders.  *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).  Patterson's failure to comply with the Court's instructions provides an alternative, sufficient reason to dismiss his Complaint.

Based on both Patterson's significant monthly deposits and prisoner trust account balance, the Court should find that his allegation of poverty is untrue and **DISMISS** this case, pursuant to 28 U.S.C.

§ 1915(e)(2)(A).[3]  Alternatively, the Court should **DISMISS** this case because Patterson has failed to comply with the Court's Order and has failed to prosecute. *See* Fed. R. Civ. P. 41(b). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

[3] As discussed above, the deposit and balance information provided by the account custodian flatly contradicts the information Patterson provided, under penalty of perjury in his IFP motion. *Compare* doc. 2 at 2 (listing *total* deposits for the past six months as $208.00), *with* doc. 4 at 1 (listing average monthly balance during the prior six months as $513.77). The Court might require Patterson to show cause why his case should not be dismissed for misrepresenting his financial information. Since the information provided by his account custodian shows that he is not indigent, his case must be dismissed and any misrepresentation is moot.

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 21th day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA