IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CARLOS PATTERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHATHAM COUNTY DETENTION CENTER ) <br> and UNITED STATES, ) <br> ) <br> Defendants. ) <br> ) | CASE NO. CV422-248 |

**O R D E R**

Before the Court is the Magistrate Judge's November 21, 2022, Report and Recommendation (Doc. 5), to which Plaintiff has filed a response (Doc. 6). After a careful review of the record,[1] the report and recommendation (Doc. 5) is **ADOPTED** as the Court's opinion in this case, and Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**ANALYSIS**

I. APPOINTMENT OF COUNSEL

First, Plaintiff requests a public defender to represent him. (Doc. 6 at 1.) Plaintiff has no constitutional right to counsel in

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

this civil case. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Exceptional circumstances exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (first citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); and then citing Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." Holtzclaw v. Milton, No. CV418-144, 2019 WL 1474398, at *1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); see also Bell v. Lamb, No. 6:17-cv-12, 2021

WL 1954739, at *3 (S.D. Ga. Mar. 30, 2021). General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel. See Brown v. Wilcher, No. CV421-027, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021). In this case, there is no indication of any "exceptional circumstance" that warrants appointment of counsel. Fowler, 899 F.2d at 1096. Plaintiff's request is, therefore, **DENIED**.

II. ALLEGATION OF POVERTY

The Magistrate Judge granted Plaintiff leave to proceed in forma pauperis. (Doc. 3.) After Plaintiff submitted further financial information indicating that Plaintiff's original allegation of poverty was untrue (Doc. 4), the Magistrate Judge recommended that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A). (Doc. 5.) In particular, the Magistrate Judge noted that Plaintiff's financial disclosures reflected an average monthly balance in his prisoner trust account of $513.77. (Id. at 2.)

Although his response is not captioned as a formal objection, Plaintiff responded to the report and recommendation. (Doc. 6 at 1.) Plaintiff does not clearly explain the discrepancy identified by the Magistrate Judge. Instead, Plaintiff simply states "[t]he first [number] on the Plaintiff form was not there which Plaintiff had no control over. During the process of that time which balance says $45.00 errored of 452.58 [sic]." (Id.) To the extent that the

3

Court can discern the substance of Plaintiff's response, it appears that he contends that his original financial disclosure was erroneous but not intentionally deceptive.

As the Supreme Court has explained, leave to proceed in forma pauperis is not restricted to the absolutely destitute. See Adkins v. E.I. Dupont de Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85, 89, 93 L. Ed. 43 (1948). Nevertheless, the fact that a plaintiff discloses discretionary funds strongly suggests that he is not indigent. See Marceaux v. Democratic Party, 79 F. App'x 185, 186 (6th Cir. 2003) (litigant who "has no room and board expenses . . . and is able to spend his income on completely discretionary items" was properly denied leave to proceed in forma pauperis).

Additionally, prisoners may not proceed in forma pauperis if their prison trust account balance is insufficient to pay the filing fee because of discretionary spending. As another court has observed, "[i]f every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the in forma pauperis review would be a waste of judicial time and effort." Briand v. Florida, No. 4:06cv104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006). It is not surprising, therefore, that the overwhelming weight of authority establishes that courts "may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." Alexander v. Carson Adult High School, 9 F.3d 1448, 1449 (9th Cir.

4

1993); see also Reyes v. Fishel, 996 F.3d 420, 425 (7th Cir. 2021) ("When making [the] determination [of poverty] it is well within a court's discretion to consider the accounting of the prisoner's income and spending over the six months prior to filing."); Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) ("The district judge was entitled to consider [the plaintiff's] own economic choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary . . . ."); Miller v. Brown, No. CV 112-166, 2013 WL 1346826, at *2 (S.D. Ga. Feb. 21, 2013) ("[W]hen considering a prisoner's affidavit of indigence, the district court may inquire whether, if a prisoner has no cash credit at the moment of filing he had disabled himself by a recent drawing on his account and if so, for what purposes." (internal quotation marks and citation omitted)). As the Seventh Circuit has observed, "[i]f the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor." Lumbert v. Ill. Dep't of Corr., 827 F.2d 257, 260 (7th Cir. 1987).

Because Plaintiff's account contained sufficient funds to pay the filing fee, dismissal is appropriate. Plaintiff filed his complaint on October 24, 2022. (Doc. 1.) The accounting Plaintiff submitted reflects a balance of $488.38 in his prisoner trust

5

account on October 2, 2022, and a balance of $526.98 on the date that the complaint was filed.[2] (Doc. 6 at 4.) Moreover, the accounting reflects significant deposits and expenditures on commissary purchases. (Id. at 2-5.) The lowest balance reflected in the accounting is $401.20, in July. (Id. at 2.)

The Court makes no finding that Plaintiff intentionally misrepresented his financial status. However, regardless of whether Plaintiff's original representations were merely mistaken, the application of the plain language of § 1915(e)(2)(A) mandates dismissal. See Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000) (Section 1915(e)(2)(A) "does not mandate that the district court dismiss [a plaintiff's] claim if it finds that certain assertions in his affidavit are untrue; instead, it requires the district court to dismiss the claim if it finds that [the plaintiff] is not sufficiently poor to qualify for in forma pauperis status given the facts that are true."). Since it appears that Plaintiff had sufficient funds to pay the Court's filing fee

---

[2] The Court notes that the accounting submitted appears to be incomplete. A footer on the accounting indicates that it is nine pages long. (Doc. 6 at 2.) The specific pages submitted are pages 1-2 and 7-8. The entries appear in reverse chronological order. The first, and thus the most recent entry, is dated November 1, 2022, and reflects a balance of $496.93. (Id. at 4.) The entries appear continuous through October 2, 2022. (Id. at 5.) There is then a gap between October and July 2022. (Id. at 2.) The last, and thus the earliest entry, is dated June 18, 2022, and reflects a balance of $463.62. (Id. at 3.) Since the information provided is sufficient to conclude this case must be dismissed, the incompleteness of the submission is moot.

when he filed the Complaint, the Court concludes that his allegation of poverty was untrue. It also appears that his pattern of spending is inconsistent with that allegation. See Neloms v. St. Lawrence, No. CV410-022, 2010 WL 1688554, at *2 (S.D. Ga. Mar. 29, 2010) (dismissing a case under § 1915(e)(2)(A) and noting the plaintiff had "accumulated more than enough money to prosecute [the] action but instead chose to spend those funds on other matters."). Once a plaintiff is proceeding in forma pauperis and the Court determines that the allegation of poverty is untrue, dismissal is mandatory. Pinkston v. Univ. of S. Fla. Bd. of Tr., No. 8:15-cv-1724-T-33TBM, 2016 WL 1238713, at *2 n.4 (M.D. Fla. Feb. 25, 2016); Flowers v. Life Univ., No. 105CV1601TWT, 2006 WL 562192, at *1 (N.D. Ga. Mar. 7, 2006) (citing Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 306 (7th Cir. 2002)). Accordingly, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. 1.) The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 20th day of December 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7